**STATE, Plaintiff, v. SHEPPARD, Defendant.**

Common Pleas Court, Cuyahoga County.

No. 67061. Decided August 13, 1954.

582

## OPINION

By MERRICK, J.

This matter is before the Court by virtue of reference under §2937.20 R. C. from a magistrate's court of the City of Bay Village. By affidavit, complaint is made that Gershom Barber, Acting Mayor, has disqualified himself to sit as magistrate in such court because he has a pre-disposition in the matter to the prejudice of the defendant receiving a fair hearing and an unbiased finding in the premises. Evidence has been taken and the arguments of counsel heard in the matter.

It is axiomatic that all persons accused of crime are entitled to a fair hearing, surrounded by all constitutional and statutory guarantees. In case of doubt, such doubt should be resolved in favor of the accused. While it is true that at all times all administrators of justice should be alert to these guarantees, it is especially so, where the charge is a very serious one and the possible punishment severe. The charge in the instant case is murder in the first degree which in many instances is punishable by death.

The right to a fair trial is a fundamental conception in the administration of criminal law, no matter how revolting the crime charged may be, 12 O. Jur., 153. This is something that the law contemplates and guarantees, and which should be the aim of both the law and the court. Brooks v. State, 17 Oh Ap 510.

The court should be astute and vigilant in seeing that the accused has a fair and impartial trial. Haas v. State, 13 O. C. C. 418. Where the life of a human being is at stake, the moral responsibility is increased by the jealous care with which the law regards life, and the trial of one thus charged calls for the strictest observance of the statutory provisions made for the protection of such life. The verdict and judgment must not be the reflex of the clamor of the populace, or the result of passion, prejudice or ill will against the accused. State v. Elliott, 11 O. Dec. Rep. 253. Whether guilty or not, a defendant is entitled, as is every person charged with crime, to a fair trial. State v. Petro, 148 Oh St 475.

The accused is entitled to a trial before an unbiased unprejudiced and disinterested judge, and if he feels that the judge before whom he is to be tried is not so qualified, he may secure a judge who is so qualified. 12 O. Jur. 155.

Coming to the facts in this case, it is apparent beyond the peradventure of a doubt, that the magistrate discussed the case with many persons and expressed a variety of opinions as to certain phases of the investigation and procedure. It is admitted that he had these conversations both before and after he knew he was to be the magistrate in the case. He expressed distress at the delay in making the arrest and preferring the charge. This Court believes the witnesses who recited the statements of the magistrate as to methods which should be followed in obtaining a solution of the case. There is no doubt but what he said that he would change his opinion if confronted with evidence. But this is not the province of a judge or magistrate. He must not have an opinion in advance of hearing facts. At that period in the process, he must and should have no opinion, leaving his mind open, subject to proof of established facts. To reverse this guarantee and require proof to dislodge or modify an earlier acquired notion or conviction is to subject the defendant to a process not anticipated or permitted under our laws.

In view of the circumstances surrounding the nature and investigation of the crime and the other preliminaries leading to the arrest of the accused, it is not unusual or strange to find a public official of the affected community thrown into the maelstrom of conversations, accusations and rumors which are found to abound in all such occurrences. But those likely to be drawn into the matter in an official capacity should reserve their decisions and bridle their tongues. This is especially true where the case may require their judicial determination.

Magistrate Barber appears to this Court to be a fine, upstanding citizen who would try to do his very best in arriving at a just decision, but the Court is of the opinion that he has expressed himself on several occasions to the indication that he had a predisposition of thought and opinion in the case and that it might require some proof to entirely dislodge the impressions gathered by him from sources, other than the facts presented in open court. This Court finds that such state of mind disqualifies him to sit further in the matter.

Accordingly a transfer must be ordered by this Court. The nature of the charge and the wide public interest in the case immediately commands that where geographical jurisdiction does not control, a competent, fair and impartial judge who is available should be designated.

584

The statute (§2937.20 R. C.) gives wide discretion in the choosing of such judge and I quote an excerpt from that section:

"* * * he shall designate another magistrate of the township or county, or another *judge* of said court or **the Court of Common Pleas** to hear and determine said cause . . ." (Emphasis ours.)

I have asked my associate on this bench, Hon William K. Thomas to accept this assignment by transfer. He has acceded to my request. I am happy that he is available and willing to perform this arduous task.

Therefore, it is adjudged and decreed that the magistrate forthwith deliver to Judge Thomas all files and papers in the case for further proceedings according to law. A journal entry is being made accordingly.